UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| JOSEPH WEST | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 4:06-cv-019/4:04-cr-018 |
| | ) | *Collier* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Joseph West ("West"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

**I.** **STANDARD OF REVIEW**

This court must vacate and set aside West's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, West "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that West is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II.   FACTUAL BACKGROUND

West pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(B). Based upon a prior felony drug conviction, West was subject to a mandatory minimum sentence of ten years on the conspiracy conviction pursuant to 21 U.S.C. § 841(b)(1)(B). The court granted the government's motion to depart based upon West's substantial assistance and he was sentenced to a term of imprisonment of 78 months, which was at the top of his guideline sentence range. West did not appeal his sentence.

In support of his § 2255 motion to vacate sentence, West alleges two instances of ineffective assistance of counsel: (1) his attorney failed to investigate inaccurate information provided by a cooperating codefendant; and (2) his attorney failed to appeal his sentence. Both allegations relate to the two-level enhancement West received to his base offense level as a result of possession of a dangerous weapon during the course of the conspiracy.

## III.   DISCUSSION

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), West must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, West bears the

3

burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

West's first allegation of ineffective assistance of counsel is his attorney failed to investigate inaccurate information provided by a cooperating codefendant. West's codefendant, Macien Rodriguez, "reported that he frequently saw defendant Joey West in possession of a .45 caliber automatic pistol. Rodriguez further related that West brandished that firearm in anger when Rodriguez was late with a delivery of marijuana." [Criminal Action No. 4:04-cr-18, Presentence Report, p. 7, ¶ 31]. The Presentence Report further noted that "when law enforcement searched West's residence, they found ammunition, including several rounds for a .45 caliber firearm." [*Id*.]. For that reason, West received a two-level enhancement, pursuant to USSG. § 2D1.1(b)(1), for possession of a dangerous weapon during the course of the offense. Although he filed several objections to the Presentence Report, West did not object to the two-level gun enhancement. [Criminal Action No. 4:04-cr-18, Presentence Report, Addendum].

West now alleges that, although his codefendant pleaded guilty as Macien Rodriguez, Rodriguez was in reality Victor BeJeramo, a convicted felon. West argues that because Rodriguez committed perjury and provided the government with false information by pleading under an assumed name, his statement that West possessed a firearm was unreliable and, according to West, was false. West contends his attorney provided ineffective assistance of counsel by failing to discover Rodriguez's perjury and thereby failing to object to the gun enhancement. West further contends that, without the two-level enhancement, his

4

total offense level would have been 23, with a sentence guideline range of 51 to 63 months based upon his criminal history category of II, instead of a total offense level of 25, with a guideline sentence range of 63 to 78 months.

West has offered no proof, other than his self-serving statement, that Rodriguez was in fact Victor BeJeramo.[1] Nevertheless, assuming West is correct that Rodriguez is a convicted felon who lied under oath as to his identity, West's gun enhancement was not solely based upon Rodriguez's statements; the discovery of the .45 ammunition during the search of West's residence corroborated Rodriguez's statements that West carried a .45 caliber pistol during his drug transactions. Had West's counsel objected to the gun enhancement, the United States would likely have presented evidence to support the enhancement, including testimony by Rodriguez. Counsel for West, of course, could have attempted to impeach Rodriguez with questions as to his identity and criminal history.

On the other hand, West himself had a prior federal drug conviction and would have been subject to impeachment. [Criminal Action No. 4:04-cr-18, Court File No. 64, Notice of Intent to Use Prior Convictions to Enhance Punishment]. Moreover, in his plea agreement, West agreed to the following factual basis for his guilty plea:

---

[1] In his Memorandum in support of the § 2255 motion, West refers to an affidavit attached as Exhibit 1, which purports to prove Macien Rodriguez is actually Victor BeJeramo. There is, however, no affidavit or other exhibit attached to the supporting Memorandum.

5

The parties agree as to these facts supporting the defendant's plea of guilty and relevant conduct to that guilty plea: On July 6, 2004, members of the Coffee County Sheriff's Department and DEA received information that Mike Ferrell would be meeting his source of supply in Manchester, Tennessee, to receive a large quantity of marijuana. Officers surveilled Ferrell as he met with Defendant Macien Rodriguez at Los Three Amigos, a restaurant in Manchester. After Rodriguez and Ferrell met for approximately one hour co-defendant Jesus Rascon arrived in a white Chevrolet pickup truck. Co-defendant Saul Bejarno was with Rascon. When Rascon and Bejarno arrived they got out of the Chevy pickup and Ferrell got in. Rascon, Bejarno and Rodriguez left in Rodriguez's Jeep Cherokee. Both vehicles were stopped by law enforcement. Inside the Chevy pickup was a stereo cabinet which contained approximately 102 pounds of marijuana.

Co-defendant Rodriguez agreed to cooperate. Rodriguez explained that one of his customers for marijuana was Defendant Joseph Wayne West. Rodriguez stated that he began dealing with Defendant West approximately three and a half months prior to his arrest (July 6, 2004) and had delivered a total of approximately 450 pounds of marijuana to Defendant West during that period. Rodriguez indicated that the last delivery of approximately 100 pounds of marijuana had been concealed in a stereo/television cabinet. The cabinet containing the marijuana had been delivered to West at a garage behind West's mother's residence in Higdon, Alabama. Rodriguez stated that West was expecting delivery by Rodriguez of one hundred and sixty pounds of marijuana and of that quantity, sixty pounds was for West and one hundred pounds was for an associate of West's. West was expecting delivery of the marijuana on the evening of July 7, 2004. Rodriguez advised that West owed Rodriguez $15,300 from previous marijuana deliveries. Rodriguez also advised that he had seen marijuana in army ammo cans in the garage behind West's mother's house. On July 7, 2004, West left a message on Rodriguez cellular telephone voice mail. West advised that he was not at home and instructed Rodriguez to call West prior to going to West's residence. On that same day, July 7, 2004, Rodriguez again contacted West. During a recorded conversation Rodriguez advised West that he had the "160 expensive tools" (coded conversation for marijuana). West indicated that he wanted the marijuana and was advised by Rodriguez that Rodriguez would call West back. Rodriguez again contacted West and advised West during recorded conversations that he (Rodriguez) needed "10 to 12" (10 to 12 thousand dollars) before he could deliver the 160 pounds of marijuana. West advised that he would call Rodriguez back. On July 8, 2004, West again called Rodriguez. During recorded conversation West and Rodriguez discussed

6

delivery of the one hundred and sixty pounds of marijuana (referring to the marijuana as hours). Rodriguez advised that he would need to get money before he could make the marijuana delivery and indicated that he needed 10 to 12 thousand dollars. West agreed to pay Rodriguez and indicated that he would call Rodriguez back regarding arrangements for payment. Later on July 8, 2004, Rodriguez received another call from West wherein West instructed Rodriguez to meet him at the Anchor Inn (a convenience store) located on Highway 41, Guild, Tennessee, to receive the money. When West arrived he was arrested regarding his involvement in a conspiracy to distribute marijuana. Search of West's person resulted in the seizure of a small quantity of marijuana and approximately $2,000 in cash. An additional approximate $8,000 and a cellular telephone (number 256-599-0222) was recovered from West's motorcycle. On July 8, 2004, officers executed a state search warrant at West's Higdon, Alabama, residence along with the residence and outbuilding of West's mother which is located adjacent to West's property. Located in the garage behind West's mother's residence was a green army ammo can which was found to contain approximately two pounds of marijuana. Approximately one pound of the marijuana was compressed and wrapped in a fashion identical to that which had been seized from Rodriguez on July 6, 2004. Also recovered from beside the garage was a plywood cabinet back identical to the one removed from the previously seized cabinet from co-defendant Rodriguez.

As part of the plea agreement the parties agree that Defendant West conspired to distribute more than 220 pounds (100 kilos) of marijuana.

[*Id*., Court File No. 70, Plea Agreement, pp. 6-8, ¶ 9].

In light of the ammunition found at West's home and his status as a convicted felon, as well as the fact that West dealt in large quantities of marijuana and carried large sums of cash, West's attorney could have reasonably concluded that the court would have found the United States proved the gun enhancement by a preponderance of the evidence. Thus, it was not unreasonable for counsel to decide not to file an objection which had little chance of success. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of

7

defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

In addition, had counsel raised an objection to the gun enhancement, there was a chance West could have lost a sentencing benefit. West received a three-level reduction to his offense level based upon acceptance of responsibility. "However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." USSG. § 3E1.1, comment. (n.1(a)). *See also United States v. Webb*, 335 F.3d 534, 538 (6th Cir. 2003) (district court did not err in denying reduction for acceptance of responsibility where defendant pleaded guilty and "expressed remorse, but also disagreed with the factual accuracy of his conduct as related in the Presentence Report"). Thus counsel could have reasonably been concerned that an unsuccessful challenge to the gun enhancement might have resulted in a denial of the reduction for acceptance of responsibility.

Furthermore, there was also the possibility that had counsel filed an objection to the gun enhancement, the United States would have considered that to be a breach of the plea agreement and would have refused to file the motion for a downward departure from the minimum mandatory sentence of ten years[2]. Based upon the foregoing, West has failed to

---

[2] Counsel for the United States, in his response to West's § 2255 motion, states that "[i]mmediately prior to the filing of this response, counsel for petitioner contacted the United States and advised that he and petitioner agreed that it was not in petitioner's interest to file an objection to the firearms enhancement given the potential adverse impact on the decision of the United States to move for departure below the statutory mandatory minimum sentence." [Court File No. 7, Response, p. 12, n.2]. Counsel for the United States also states

8

demonstrate his attorney rendered ineffective assistance of counsel by failing to object to the two-level gun enhancement.

West's second allegation of ineffective assistance of counsel is that his attorney failed to file a notice of appeal with respect to the gun enhancement. According to West, he asked his attorney to do so and, after sentencing, was under the impression that counsel was going to file the appeal.

The Sixth Circuit has held that "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). The Sixth Circuit emphasized, however, "that a defendant's actual 'request' is still a critical element in the Sixth Amendment Analysis. The Constitution does not require lawyers to advise their clients of the right to appeal." *Id*. *See also Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir. 2003) (failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

Although West claims to have told his attorney to file an appeal, he offers no facts to support that claim other than his bald assertion.[3] West does not state where or when he

---

that petitioner's attorney "advised that he will prepare an affidavit and file it within the next ten days averring under oath these facts." [*Id*.]. To date, however, West's attorney has not filed such an affidavit.

[3]In his response to the § 2255 motion, the attorney for the United States claims he was told by West's attorney that he and West "did not discuss the filing of an appeal because there were no non-frivolous appellate issues." [*Id*.] As noted, however, West's attorney has not filed an affidavit as to that fact.

9

communicated that instruction, or whether the communication was orally or in writing. A § 2255 movant has the burden of proving the substance of his allegations by a preponderance of the evidence and a district court is not required to hold an evidentiary hearing on the basis of conclusive allegations. *See, e.g., Ashley v. United States*, 17 Fed. Appx. 306, 308 (6th Cir. 2001); *Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962). West has not satisfied his burden of proving that he instructed his attorney to file a notice of appeal.

In any event, as the court previously determined, it was not unreasonable for West's attorney to fail to file an objection to the gun enhancement. Because no objection was filed, the issue was waived for appeal purposes.

> If the system [of sentencing a criminal defendant] is to work and if appellate review is to be meaningful, it is absolutely essential that a defendant raise all objections to the sentence before the sentencing judge in the first instance. For this reason, the law has developed that a failure to object results in a waiver.

*United States v. Cullens*, 67 F.3d 123, 124 (6th Cir. 1995) (citations omitted). *See also United States v. Jarman*, 144 F.3d 912, 915 (6th Cir. 1998) ("This circuit has explicitly held that failure to object to an enhancement operates as a waiver."). Accordingly, West's attorney did not render ineffective assistance of counsel by failing to appeal the gun enhancement. *See Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993) (an attorney is not required to raise meritless issues on appeal).

## IV.  CONCLUSION

West is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**.  This action will be **DISMISSED**.  In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this court will **DENY** West leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  West having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

An Order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

11