UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 4:04-cr-18-4 |
| v. | ) | |
| | ) | Judge Collier/Steger |
| JOSEPH WAYNE WEST | ) | |

## MEMORANDUM AND ORDER

     JOSEPH WAYNE WEST ("Defendant") came before the Court for an initial appearance on November 8, 2017, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender under Supervision ("Petition").

     After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

     The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court APPOINTED Attorney Steven Moore to represent Defendant.

     Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Perry Piper explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

     The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and requested a preliminary hearing and a detention hearing.

     The Court conducted the preliminary hearing and detention hearing on November 14, 2017. Defendant was represented by Steven Moore at this hearing, and the Government was represented by Perry Piper. The Government relied upon the testimony of United States Probation Officer Jillian Wooden, as well as the sworn Petition executed by Supervising United States Probation Officer Crystal L. Johnson, which includes a recitation of the violation of conditions of supervision committed by Defendant (*i.e.*, "The defendant shall not commit another federal, state or local crime"). Defendant's counsel, Steven Moore, relied upon the sworn testimony of Defendant's neighbor, Gavin Haggard, and his girlfriend, April Reed. Attorney Moore also proffered evidence on behalf of Defendant. Counsel for both sides were

1

given an opportunity to argue for and against probable cause and detention.

The undersigned finds that Defendant and his then-girlfriend, Julie Lankford, were arrested on March 29, 2017, for getting into a physical altercation with each other. Law enforcement could not determine who the primary aggressor was and the charges were dismissed on April 20, 2017. Defendant was arrested again as a result of a warrant that was issued on September 19, 2017, charging him with Reckless Endangerment as a result of allegations made by Charles Bowman to the effect that Defendant had been directing threats toward him and that Defendant swerved into Mr. Bowman's lane when the two encountered each other in their respective vehicles on County Road 72 in DeKalb County, Alabama. Defendant's hearing on these charges is scheduled to take place on January 24, 2018, in DeKalb County, Alabama. Defendant's probation officer, Jillian Wooden, testified that he has complied with his conditions of probation other than these two events, and she does not view him as a flight risk or a danger to the community. Defendant's girlfriend, April Reed, testified that Defendant and Mr. Bowman are engaged in a dispute because she was formerly Mr. Bowman's girlfriend and is now Defendant's girlfriend. She further testified that Mr. Bowman is the aggressor in this relationship triangle, and that Mr. Bowman has threatened to kill Defendant.

The Court finds that the evidence establishes probable cause to believe that Defendant has committed a violation of his conditions of supervised release; however, the Court finds that Defendant has demonstrated by clear and convincing evidence that he is not a flight risk, and further, that he does not pose a danger to any other person or to the community. Consequently, the Court **DENIED** the Government's oral motion to detain Defendant pending disposition of the Petition.

It is, therefore, **ORDERED** that:

1. The Government's motion that Defendant be DETAINED WITHOUT BAIL pending his revocation hearing before Judge Collier is **DENIED**.

2. Defendant shall remain out of custody pending the revocation hearing before Judge Collier at the aforementioned date and time, or until further Order of this Court.

3. Defendant shall appear for a revocation hearing before United States District Judge Collier on **February 21, 2018, at 2:00 p.m.**[1]

---

[1] At the hearing on November 14, 2017, the undersigned advised counsel that the revocation hearing before Judge Collier would take place on December 20, 2017. Following the hearing, Defendant's counsel filed a motion to continue the revocation hearing [Doc. 147]. The Court granted that motion and rescheduled the revocation hearing on **February 21, 2018 at 2:00 p.m.** [Doc. 148].

**ENTER.**

                                        */s/Christopher H. Steger*
                                        United States Magistrate Judge